DECISION.
Defendant-appellant Ronald Crenshaw was charged in a five-count indictment with escape, theft, vandalism, and two counts of breaking and entering. On May 3, 2000, Crenshaw withdrew his pleas of not guilty by reason of insanity and entered pleas of no contest. The trial court accepted the pleas and found Crenshaw guilty as charged. On July 12, 2000, the court imposed a sentence of confinement of three years for escape, which was made consecutive to concurrent sentences of confinement of six months each for theft, vandalism, and the two counts of breaking and entering.
On appeal from the judgment of conviction, Crenshaw advances a single assignment of error, in which he contends that neither the controlling sentencing provisions nor the evidence adduced at the sentencing hearing supported the imposition of consecutive sentences or of terms of confinement greater than the statutory minimum. We find this challenge to be well taken in part.
Crenshaw had not previously been imprisoned. That circumstance required the court to impose the shortest prison term authorized by statute, "unless the court [found] on the record that the shortest prison term [would] demean the seriousness of the offender's conduct or [would] not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
 A sentencing court may also order that multiple prison terms be served consecutively, but only upon the following findings:
 (1) "that the consecutive service is necessary to protect the public from future crime or to punish the offender"; and
 (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and
(3) one of the following:
 (a) that the offender committed the offenses while awaiting trial or sentencing, or while under a residential, nonresidential or financial sanction, see R.C. 2929.16 through 2929.18, or while under post-release control for a prior offense; or
 (b) that "the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct"; or
 (c) that the offender's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 See R.C. 2929.14(E)(4). If the court orders that multiple prison terms be served consecutively, the court must "make * * * findings that give its reasons * * * for imposing the consecutive sentences * * *." See R.C. 2929.19(B)(2)(c).
An offender may challenge on appeal the imposition of any sentence that is "contrary to law." See R.C. 2953.08(A)(4). If the appellate court "clearly and convincingly finds either * * * [t]hat the record does not support the sentencing court's findings * * * [or t]hat the sentence is otherwise contrary to law," the court "may increase, reduce, or otherwise modify" an appealable sentence or "may vacate the sentence and remand the matter to the sentencing court for resentencing * * *." See R.C.2953.08(G)(2). If the sentence is "contrary to law" because "the sentencing court failed to state * * * on the record" the findings required by R.C. 2929.14(E)(4), the appellate court must "remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." R.C. 2953.08(G)(2).
Escape, as charged in the indictment, is a third-degree felony, for which Crenshaw was subject to a minimum term of confinement of one year. See 2921.34(C)(2)(b) and 2929.14(A)(3). Theft, vandalism, and breaking and entering, as charged in the indictment, are fifth-degree felonies, for which Crenshaw was subject to minimum terms of six months. See R.C.2913.02(B)(2), 2909.05(E), 2911.13(C) and 2929.14(A)(5).
The court in the proceedings below imposed the minimum terms of confinement for theft, vandalism, and breaking and entering. In the process of sentencing Crenshaw to a greater-than-minimum term of confinement of three years for escape, the court prepared and placed of record a worksheet memorializing its felony-sentencing findings. The felony-sentencing worksheet reflected the court's findings that the imposition of the shortest prison term would "demean the seriousness of the offense" and would "not adequately protect [the] public." The record before us provides an evidentiary basis for the court's findings. Thus, the imposition of a sentence of confinement exceeding the statutory minimum for escape was neither contrary to law nor unsupported by the evidence. Accordingly, we overrule the assignment of error to the extent of its challenge to the imposition of a greater-than-minimum term of confinement.
Turning to the matter of consecutive sentences, we note that the trial court did not record on the felony-sentencing worksheet the findings mandated by R.C. 2929.14(E)(4). Nor can the court's ruminations from the bench be said to satisfy the R.C. 2929.19(B)(2)(c) requirement that the court "make * * * findings that give its reasons * * * for imposing the consecutive sentences * * *." We, therefore, hold that the trial court erred as a matter of law in ordering that the sentences imposed for theft, vandalism, and breaking and entering be consecutive to the sentence imposed for escape.
Accordingly, we sustain, in part, Crenshaw's sole assignment of error, vacate the sentence to the extent that the concurrent six-month sentences for theft, vandalism, and breaking and entering are made consecutive to the three-year sentence for escape, and remand this case to the trial court with instructions that the court state, on the record, the required findings. In all other respects, we affirm the judgment of the trial court.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.